TUTHILL et al. v. FORBES et al.

(Supreme Court, Appellate Division, First Department. January 23, 1914.)

WILLS (§§ 406, 411*)—SECURITY FOR COSTS—NECESSITY OF GIVING.

Plaintiffs brought an action under Code Civ. Proc. § 2653a, to contest a will, and joined as plaintiffs other heirs who had contested the probate of the will before the surrogate, and against whom the surrogate had assessed costs. This section does not limit the right to sue to those who had filed objections and contested its probate; the only requirement being that all the devisees, legatees, heirs of the testator, and other interested persons must be parties. Held, that it was improper for the court to stay plaintiffs' action until their payment of costs incurred by their coplaintiffs in the Surrogate's Court, for such coplaintiffs might just as well have been parties defendant, but it was improper to deny the executrix's motion to compel plaintiffs to give security for costs, for they were all nonresidents except the coplaintiffs who contested in the Surrogate's Court; and hence security for costs should be required of them as a matter of course, under section 3268.

[Ed. Note.—For other cases, see Wills, Cent. Dig. §§ 885, 889, 890; Dec. Dig. §§ 406, 411.*]

Appeal from Special Term, New York County.

Action by Frank H. Tuthill and others against Margaret Eleanor Forbes, individually and as executrix of Enoch R. Tuthill, and others. From an order denying a motion to require plaintiffs to give security for costs, the defendant named appeals, and plaintiffs appeal from that part of the order staying the action until the payment of costs, imposed in a contest before the surrogate. Order reversed, and motion for security for costs granted.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

Edwin P. Kilroe, of New York City, for plaintiffs.

Wilson Lee Cannon, of New York City, for defendant.

LAUGHLIN, J. This is an action pursuant to the provisions of section 2653a of the Code of Civil Procedure to determine the validity of the probate of the will of Enoch R. Tuthill, deceased, which was duly admitted to probate by a decree of one of the surrogates of the county of New York on the 28th day of November, 1911. The probate of the will was contested by the plaintiffs Addie Tibbets Terwilliger and John B. Tuthill, and by a decree of the surrogate costs were awarded against them personally in favor of defendant appellant in the sum of $99.92, and said costs have not been paid. All of the other plaintiffs are nonresidents. The court denied the motion for security for costs, but on its own motion ordered that the proceedings on the

part of the plaintiffs be stayed until the payment of said costs. All of the plaintiffs have appealed from the order in so far as it stays their proceedings until the payment of said costs and extends defendants' time to answer, and the defendant Margaret Forbes Debevoise, individually and as executrix, has appealed from the order in so far as her motion for security for costs is thereby denied.

The motion for security for costs is based on the provisions of section 3271 of the Code of Civil Procedure, which confers authority upon the court, in its discretion, in an action brought by or against an administrator or executor in his representative capacity, and in certain other actions, to require the plaintiff to give security for costs. If the only parties plaintiff in this action were those against whom the surrogate awarded costs for having contested the probate of the will without sufficient cause, it might be argued, with some degree of force, that notwithstanding the fact that section 2653a of the Code of Civil Procedure authorizes an action to determine the validity of the probate of a will, and contains no provisions requiring the plaintiffs in such an action to pay any costs that may have been awarded against them, they ought not to be permitted to prosecute the action until they pay the costs; but it is not necessary to decide that question, or even to express an opinion thereon, for it is not presented for decision. Said section 2653a does not limit the right to bring an action to determine the validity of the probate of a will to those who have filed objections to and have contested the probate of the will. The plaintiffs in this action who have appealed from the order are, or represent, heirs at law or next of kin of the testator. They fall within the express provisions of said section, and are thereby authorized to maintain this action. It was not necessary that the two plaintiffs against whom the costs were awarded in the Surrogate's Court should have been joined as plaintiffs; they might have been made parties defendant. The only requirement in that regard contained in said section is that:

"All the devisees, legatees and heirs of the testator and other interested persons, including the executor or administrator, must be parties to the action."

The right of the plaintiffs who are appellants, therefore, to maintain this action is not affected by any personal judgment against the two plaintiffs who have not appealed, and they should not be compelled, under the coercion of a stay of their proceedings, to satisfy such judgment. On the other hand, if they had made the plaintiffs who have not appealed defendants in the action, then all of the plaintiffs would be nonresidents and the defendant would be entitled to security for costs as matter of course. Code of Civil Procedure, § 3268. I am of opinion, therefore, that the court erred in staying the proceedings on the part of the plaintiffs until the payment of the costs awarded against two of the plaintiffs by the decree of the surrogate, and in denying defendant appellant's motion for security for costs.

It follows that the order should be reversed, with $10 costs and disbursements, and the motion for security for costs granted, with $10 costs to the defendant appellant, and said defendants' time to answer extended until 20 days after compliance with the order. All concur.